**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:06CR268 (PCD) |
| | : | |
| ANGEL AVILES | : | |

**OMNIBUS RULING ON DEFENDANT'S PRETRIAL MOTIONS**

Now pending are Defendant Angel Aviles's Motion for Disclosure of Statements of Co-Conspirators [Doc. No. 210], Motion to Compel Notice of Intention to Use Evidence [Doc. No. 215], Motion for Disclosure of Rule 16(A) and Jencks Act Material [Doc. No. 216], Motion for Notice of Intent to Use Hearsay Evidence [Doc. No. 217], Motion for Disclosure of Demonstrative Evidence [Doc. No. 218], Motion for Release of Brady Materials [Doc. No. 219], Motion for Giglio Material [Doc. No. 220], Motion for Production of Agent's Notes [Doc. No. 222], and Motion for Bill of Particulars [Doc. No. 223]. For the following reasons, these motions are **denied.**

## I.    BACKGROUND

On October 4, 2006, a federal grand jury in Bridgeport, CT returned a twenty-two count indictment against Defendant Aviles and thirty-four other individuals charging them with various narcotics offenses. The indictment charged Defendant Aviles only in Count Seventeen, along with co-defendants Miguel Acevedo, Thomas Perez, and Benigno Malave, with possession with the intent to distribute and distribution of five grams or more of cocaine base on or about January 23, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2 (aiding and abetting). On October 6, 2006, Defendant Aviles was arrested and presented on this charge. He was released on a $100,000 non-surety bond and remains on pretrial release. On October 23,

2006, Defendant Aviles entered a not-guilty plea to Count Seventeen of the indictment.

On October 23, 2006, the Court granted the Government's Motion to Toll the Discovery Period in this case, so the ten-day time period under the District Court's Standing Order on Pretrial Discovery in Criminal Cases (the "Standing Order") did not begin to run until October 19, 2006. In compliance with the Standing Order, the Government sent three separate discovery packages to each of the Defendants in this case on October 27, 2006, November 3, 2006, and November 8, 2006. (Gov't's Omnibus Resp. to Def.'s Pretrial Mots. at 1.) Included in these discovery packages were the following materials: a full set of the recordings of all intercepted telephone calls in this case; a set of the calls involving each individual defendant; a written set of preliminary line sheets for the calls involving each defendant; all of the investigative reports created to date in the investigation; all of the laboratory reports received to date related to the seized narcotics in the case; all of the affidavits, applications, and orders related to every pen register authorization and wire interception authorization issued in this case; all of the affidavits related to the arrest and search warrants issued in this case; all of the sealing motions and orders related to the original recordings of the wire interceptions; and detailed discovery letters summarizing the discovery material provided and responding to each of the items enumerated in the Standing Order. (Id. at 1-2.) Defendant Aviles filed his pretrial motions on October 30, 2006, apparently before receiving the bulk of discovery materials provided by the Government to all Defendants in this action which, as discussed below, render many of these motions moot.

II.     **DISCUSSION**

   A.     **Motion for Disclosure of Statements of Co-Conspirators**

   Defendant Aviles moves for an order directing the Government to produce any oral or

written statements of any purported co-conspirators, including statements made during and in furtherance of the charged conspiracy and statements made to law enforcement officers at the time of the individual's arrest.  This motion fails for several reasons, first because Defendant Aviles is not charged in the main conspiracy count.  Mr. Aviles has been charged with involvement in one narcotics transaction on or around January 23, 2006, and the Government has disclosed the investigative reports related to that transaction.  Furthermore, the Government maintains that it has already disclosed to the defendants the statements of the co-conspirators, which are primarily comprised of the recordings of the intercepted wire communications over the targeted cellular telephones.  (Gov't's Resp. at 3-4.)  The Government has also turned over preliminary transcriptions of the intercepted telephone calls to those defendants intercepted, which does not include Defendant Avile, and all of the investigative reports created to date, which detail any statements made by co-conspirators at the time of their arrests.  To the extent that any Defendant proceeds to trial in this case, the Government asserts that it will disclose, well in advance of trial, exactly which of the intercepted telephone calls will be offered as full exhibits at trial and which co-conspirator admissions, if any, will be used.  (Id. at 4.)

Insofar as Defendant moves for the disclosure of confessions, admissions, and statements of co-conspirators, such statements are clearly not discoverable under Second Circuit law.  United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974) (holding that statements of co-conspirators are not discoverable before trial under Fed. R. Crim. P. 16).  The Jencks Act, 18 U.S.C. § 3500, prohibits the Court from ordering disclosure of such statements prior to the declarants' testifying for the Government at trial.  Percevault, 490 F.2d at 129-131.  See also In re United States, 834 F.2d 283, 286-87 (2d Cir. 1987).

The Government maintains that to the extent any persons deemed to be co-conspirators will be called as government witnesses at trial, it will provide in accordance with the Jencks Act and the Standing Order any relevant statements made by them and impeachment material as to them that has not already been disclosed.  (Gov't's Resp. at 5.)  Accordingly, the Defendant's Motion for Disclosure of Statements of Co-conspirators [Doc. No. 210] is denied.

**B.     Motion to Compel Notice from the Government of Intention to Use Evidence**

Defendant Aviles moves, pursuant to the Fifth and Sixth Amendments of the U.S. Constitution and Fed. R. Crim. P. 12(d)(2), to compel the Government to disclose the evidence it intends to present at trial so that he may move to suppress that evidence pursuant to Fed. R. Crim. P. 12(d)(3), if he deems such a suppression motion to be warranted.  Following the filing of this motion, the Government, via the October 27, 2006, November 3, 2006, and November 8, 2006 discovery packages, disclosed all of the evidence that presently exists against Defendant Aviles.  (Gov't's Resp. at 6.)  According to the Government, the discovery packages included all of the details surrounding the January 23, 2006 transaction which is the grounds for the charge against Defendant Aviles, and the physical evidence related to that transaction is available for his immediate review.  (Id.)  The Government also asserts that it will produce to the Defendant any additional information as becomes available in accordance with its continuing discovery obligations.  Accordingly, Defendant Aviles has sufficient information at this time to determine whether to file a suppression motion in this case.  This motion [Doc. No. 215] is hereby denied as moot.

**C.     Motion for Advance Notice of Jencks Material**

Defendant Aviles moves, pursuant to Fed. R. Crim. P. 16(a) and the Jencks Act, 18

U.S.C. § 3500, for an order directing the Government to produce all Jencks Act materials, including grand jury testimony of all potential government witnesses, all written materials concerning all prosecution witnesses, including any and all reports, memoranda, notes and interview summations concerning any actual and potential government witnesses, not less than 30 days prior to jury selection.  The Jencks Act provides in relevant part that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case."  § 3500(a).  See also Fed. R. Crim. P. 26.2 (2001).  Defendant Aviles claims that under Fed. R. Crim. P. 16(d), the Court may modify any protective order previously issued upon the making of a "sufficient showing" by a movant seeking discovery.  (Def.'s Mem. in Supp. of Mot. for Advance Notice of Jencks Material at 1.)  Defendant's reliance on Rule 16, however, is misplaced.  The Second Circuit has repeatedly held that "the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."  United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) (reversing district court's decision to order early disclosure of Jencks Act material).  See also In re United States, 834 F.2d at 286-87 (granting mandamus to vacate order requiring production of witness statements); United States v. Percevault, 490 F.2d at 131 (reversing order suppressing witnesses' testimony on the grounds that the Government did not produce witness statements in advance of trial despite being ordered to do so).  Defendant's Motion for Advance Notice of Jencks Act Material [Doc. No. 216] is therefore denied.

### D.    Motion for Notice of Intent to Use Residual Hearsay Exception

Defendant Aviles moves for an order directing the Government to provide notice of its

intent to offer into evidence any statement not specifically covered by the hearsay exceptions set forth in Fed. Rules of Evid. 803 and 804.  Rule 807 is a residual hearsay exception for the admission of a statement not specifically covered by the exceptions listed in Rules 803 and 804; to admit a statement under Rule 807, the Government must notify the Defendant "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it...."  Fed. R. Evid. 807.  The Government asserts that, at the present time, it knows of no such statements.  Accordingly, Defendant Aviles's Motion for Intent to Use Residual Hearsay Exception [Doc. No. 217] is denied as moot.  If at some point in the future the Government becomes aware of the existence of residual hearsay statements that could be used at trial, it shall immediately disclose its intention to use such statements to Defendant at that time.

### E.       Motion for Pretrial Disclosure of Demonstrative Evidence

Defendant Aviles moves for an order directing the Government to produce any "demonstrative evidence," including but not limited to photographs, recordings, charts, drawings, diagrams, and models, it intends to offer at trial.  The Defendant distinguishes this "demonstrative evidence," which he describes as having "illustrative force," from what he calls "real evidence," such as the narcotics, videotapes, audio recordings, photographs, and other evidence the Government will seek to offer as full exhibits at trial and which is available to be viewed and inspected by Defendant's counsel at any time.  (Def.'s Mot. for Pretrial Disclosure of Demonstrative Evidence at 1.)  The Government states that, at the present time, to the extent any of the requested evidence exists, it has either been provided to Defendant in discovery or is available to be viewed by his counsel.  (Gov't's Resp. at 8.)  The Government also asserts that as soon as it prepares any organizational charts, maps, diagrams, or any other such evidence to be

used at trial, it will notify defense counsel and provide him with an opportunity to review it.  (Id.)
Accordingly, Defendant's Motion for Pretrial Disclosure of Demonstrative Evidence [Doc. No.
218] is denied as moot.

### F.      Motion for **Brady** Material

Defendant Aviles moves for an order directing the Government to disclose and provide to
the Defendant all material which is exculpatory or otherwise favorable to the Defendant or which
can be used to impeach or discredit Government witnesses on the issue of guilt or punishment
("Brady material").  See Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427
U.S. 97 (1976).  The Government asserts that it has fully and completely complied with the
Standing Order, which explicitly requires the disclosure of such information.  See United States
v. Young & Rubicam, Inc., 741 F. Supp. 334, 351-52 (D. Conn. 1990) (denying motion for Brady
material based on "government's representation that it has disclosed all exculpatory portions of
any statements and that it will disclose all witnesses' Jencks material in advance of their
testimony").  Accordingly, Defendant's Motion for Brady Material [Doc. No. 219] is also denied
as moot.

### G.      Motion for **Giglio** Material

Defendant Aviles moves for an order directing the Government to disclose all material
required under United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264
(1959).  Defendant maintains that his counsel had been in contact with the Government seeking
such information but that it had not been provided as of his filing this motion on October 30,
2006.  (Def.'s Mot. for Giglio Material at 3.)  The Government asserts that it will immediately
disclose any additional Giglio material not already disclosed.  However, at the present time, there

-7-

is only one individual, identified as "CS" in paragraph 170 of the April 10, 2006 wiretap affidavit related to co-defendant Milton Roman's cellular telephones, who could possibly testify as a cooperating witness.  Therefore, Defendant's Motion for <u>Giglio</u> Material [Doc. No. 221] is denied as moot.  As soon as the Government determines whether "CS" will testify at any trial involving Defendant Aviles, it shall immediately disclose any relevant <u>Giglio</u> material and, if necessary, seek a protective order authorizing it to withhold the disclosure of identifying information related to "CS."  (Gov't's Resp. at 9-10.)

### H.    Motion for Production of Agent's Notes

Defendant Aviles moves, pursuant to 18 U.S.C. § 3500(d), Fed. R. Crim. P. 26.2(f), and <u>Jencks v. United States</u>, 353 U.S. 657 (1957), for the production of any notes taken by a law enforcement officer at any interview involving Defendant Aviles or any potential testifying witness pertaining to Defendant Aviles.  This request is premature, as no such interview has occurred as of this time.  (Gov't's Resp. at 10.)  Should the Government engage in a proffer session with the Defendant or any other witness who will testify against him at any trial in this case, the Government shall, in accordance with its obligations under the Jencks Act, produce to the Defendant the investigative report related to that interview.  If in the future the Defendant would like copies of any notes taken by a law enforcement officer during any such interview, he should request such notes from the Government at that time.  At this time, Defendant's Motion for Production of Agent's Notes [Doc. No. 222] is denied as moot without prejudice to renewal.

### I.    Motion for Bill of Particulars

Defendant Aviles moves, pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution and Fed. R. Crim. P. 7(f), for an order requiring the Government to furnish him with

a bill of particulars providing a list of each transaction in which the government claims Defendant Aviles was involved, including the date, location, and nature of each transaction, as it pertains to evidence to be offered against him at trial.  A bill of particulars is granted where necessary to inform defendants off the charges against them with sufficient precision to enable them to prepare their defense, to avoid or minimize the danger of surprise at trial, or to enable them to plead their acquittal or conviction in bar of further prosecution for the same offense when the indictment itself is too vague for such purposes.  United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  See also Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Young & Rubicam, 741 F. Supp. at 349.  The District Court "has the discretion to deny a bill of 'if the information sought is provided in the indictment or in some acceptable alternate form.'"  United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998) (citing United States v. Bortnovsky, 820 F.2d at 574).  A Defendant is not entitled to a bill of particulars where the indictment adequately advises him of the crimes of which he is accused and where he has already received a "wealth of evidentiary detail," such as electronic intercepts, search evidence, supporting affidavits, and arrest and incident reports, from the Government.  United States v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990).

In this case, Count Seventeen of the Indictment, the only count with which Defendant Aviles is charged, specifies the transaction in which the Government claims the Defendant was involved.  Count Seventeen specifically alleges that, on or about January 23, 2006, Defendant Aviles, along with other named co-defendants, possessed with the intent to distribute and distributed five grams or more of cocaine base.  Defendant Aviles was not charged in the conspiracy count of the indictment.  Defendant Aviles has therefore been provided through the

-9-

charging document with specific information regarding the transaction in which the Government

alleges he was involved, and so a bill of particulars is not warranted in this instance.

Furthermore, the Government has provided substantial discovery to the Defendants in this action

so far, thereby adequately apprising Defendant Aviles of the charges against him, minimizing the

danger of unfair surprise, and protecting his rights under the Double Jeopardy Clause.

Defendant's Motion for Bill of Particulars [Doc. No. 223] is therefore denied.

## III.    CONCLUSION

For the foregoing reasons, Defendant Aviles's Motion for Disclosure of Statements of

Co-Conspirators [Doc. No. 210], Motion for Advance Notice of Jencks Act Material [Doc. No.

216], and Motion for Bill of Particulars [Doc. No. 223] are **denied.**  Defendant Aviles's Motion

to Compel Notice from the Government of Intention to Use Evidence [Doc. No. 215], Motion for

Intent to Use Residual Hearsay Exception [Doc. No. 217], Motion for Pretrial Disclosure of

Demonstrative Evidence [Doc. No. 218], Motion for Brady Material [Doc. No. 219], Motion for

Giglio Material [Doc. No. 221], and Motion for Production of Agent's Notes [Doc. No. 222] are

**denied as moot.**

SO ORDERED.

Dated at New Haven, Connecticut, on this  16th  day of January, 2007.


_____
                    /s/
                  Peter C. Dorsey
                  United States District Judge